FILED'05 MAY 11 09:41USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FLORA GARZA, | CIVIL NO. 04-355-ST |
| Plaintiff, | ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION AND ORDERING FURTHER PROCEEDINGS |
| v. | |
| SALEM HOSPITAL, | |
| Defendant. | |

**MOSMAN, J.,**

On January 13, 2005, Magistrate Judge Stewart issued Findings and Recommendation (docket #17) in the above-captioned case recommending defendant's motion to dismiss (#6) be denied. An objection to the Findings and Recommendation (#23) was filed on February 4, 2005. No response to the objection was received.

This court must conduct de novo review of the findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Upon de novo review this court adopts the findings and recommendation as to the arguments made to Judge Stewart. But based on new information raised for the first time in defendant's objections, the court orders further proceedings, as Judge Stewart deems necessary.

PAGE 1 - ORDER

Plaintiff was an employee of Salem Hospital that filed a complaint with the Oregon Bureau of Labor and Industries ("BOLI") and received a right to sue letter on December 10, 2003. Garza's complaint alleged two federal claims under 42 U.S.C. § 2000e, et seq., for race and national original discrimination. On December 31, 2003, the U.S. Equal Employment Opportunity Commission issued a right to sue letter. Garza filed this case in federal court on March 9, 2004, just inside the ninety day window provided by her BOLI right to sue letter.

On October 4, 2004, defendant filed a motion to dismiss arguing that plaintiff did not file this suit within the ninety days provided by the right to sue letter. Judge Stewart properly rejected this argument as this case was filed within ninety days. Unknown to both Judge Stewart and the defendant at the time it filed its motion to dismiss, defendant was not served with the complaint in this case. Instead, defendant was served with a summons containing this case number, but the complaint from another case plaintiff had originally filed in Marion County. (See Affidavit of Kristin L. Bremer, ¶ 11 & Exhibit 10). Defendant asserts that it has never been served with the complaint from this case. (Id. at ¶ 1). Because defendant has not been properly served, defendant seeks dismissal of plaintiff's state law claims pursuant to ORS 12.020.

Under ORS 12.020, an action is commenced upon the filing of the complaint and summons, except that an action is deemed to have commenced on the date the complaint is filed if the summons was served on the defendant within 60 days of the filing of the complaint. ORS 12.020 is applicable when a federal court has supplemental jurisdiction over state law claims. Torre v. Brickey, 278 F.3d 917, 919 (9th Cir. 2002). Here, defendant contends plaintiff did not serve the complaint in the instant case at all, which would make the summons invalid. Because these issues were not raised before Judge Stewart, and because plaintiff has had no

PAGE 2 - ORDER

opportunity to respond, the court orders such further proceedings as Judge Stewart deems necessary to resolve this new issue.

Defendant's motion to dismiss does not address plaintiff's federal claims and this court takes no action on them today.

IT IS SO ORDERED.

DATED: Portland, Oregon, May 11, 2005.

MICHAEL W. MOSMAN
United States District Judge